UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY N., <br><br> Plaintiff, <br><br> v. <br><br> MICHELLE KING, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 22 CV 1946 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tracey N. appeals from the Acting Commissioner of Social Security's decision denying in part his application for benefits. For the following reasons, plaintiff's motion in support of summary remand [71] is granted, defendant's motion for summary judgment [77] is denied, and the case is remanded for further administrative proceedings.[2]

**Background**

In July 2019, plaintiff applied for supplemental security income with an alleged disability onset date of July 22, 2003. [17-1] 38. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [17-1] 161-74. In February 2021, the Appeals Council remanded the case to the ALJ with directions to reconsider whether plaintiff had a medically determinable mental impairment and, if so, its impact throughout the sequential evaluation process. [*Id.*] 182-83. On remand, the ALJ issued a new decision finding that plaintiff was not disabled before July 19, 2021 but that he became disabled on that date and continued to be disabled through August 30, 2021. [*Id.*] 38-52. The Appeals Council denied further review in February 2022, making the ALJ's decision the agency's final

---

[1] In accordance with Fed. R. Civ. P. 25(d), Michelle King, the Acting Commissioner of Social Security, is substituted as the defendant in this case in place of the former Commissioner of Social Security, Martin O'Malley.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [17-1, 17-2], which refer to the page numbers in the bottom right corner of each page.

decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[3]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step sequential-evaluation process. At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the application date. [17-1] 41. At step two, the ALJ determined that plaintiff had the following severe impairments: history of ankle fracture status/post open reduction internal fixation; left ankle arthritis and tendonitis; history of right pelvic fracture; and obesity. [*Id.*] 41-41. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 42-43. Before turning to step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work, provided that the work involved no more than simple, routine tasks. [*Id.*] 43-49. At step four, the ALJ held that plaintiff could not perform his past relevant work. [*Id.*] 50. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: assembler (21,000 jobs), telephone order clerk (33,000 jobs), screener (19,000 jobs), and table worker (15,000 jobs). [*Id.*] 50-51. The ALJ accordingly ruled that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)).

## Discussion

Plaintiff argues that the case should be remanded because the ALJ erred in rejecting the opinions of (1) the state agency reviewers who opined that plaintiff was limited to 1-2 step tasks; and (2) plaintiff's primary care doctor that plaintiff had significant limitations in sitting, standing, walking, and balancing. [71] 8-14. For the following reasons, the Court holds that substantial evidence does not support the ALJ's decision to reject the opinions of the state agency reviewers, and that the ALJ's error was not harmless because it undermined the ALJ's step five ruling.[4]

---

[3] The parties have consented to the exercise of jurisdiction by a United States magistrate judge. [11].
[4] Because this issue is dispositive, the Court does not address plaintiff's second ground for remand.

### A. Rejection of the 1-2 Step Task Limitation

In deciding how persuasive a given medical opinion is, the ALJ "must consider the entire record" and "adequately explain why [he] weighed [the] opinion in a given way." *Robert N. v. Kijakazi*, No. 20 CV 1274, 2022 WL 14634815, at *5 (N.D. Ill. Oct. 25, 2022). The ALJ must consider several factors in making this determination, but "[s]upportability and consistency are the two most important factors." *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023). In weighing opinion evidence, "the ALJ must not succumb to the temptation to play doctor and make [his] own independent medical findings." *Robert N.*, 2022 WL 14634815, at *5.

In this case, two state agency reviewing psychologists found that plaintiff's anxiety disorder caused moderate limitations in concentrating, persisting, or maintaining pace (CPP) that restricted plaintiff to performing 1-2 step tasks. [17-1] 42. Although the ALJ found that plaintiff had a moderate CPP limitation, the ALJ also ruled that plaintiff could perform work that involved simple, routine tasks. [*Id.*]. But the ALJ offered an inadequate explanation for his conclusion that the reviewing psychologists' opinions were not "very persuasive," [17-1] 42, and the ALJ clearly substituted his opinion for those of the agency reviewers, who are "highly qualified and experts in Social Security disability evaluation." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).

First, the ALJ noted that plaintiff "does not take any mental health medication or receive any mental health treatment." [17-1] 42. But the state agency reviewers cited this same evidence to support their findings that plaintiff was limited to 1-2 step tasks. *See* [17-1] 135, 149. This was a clear indication that the ALJ had substituted his lay opinion for the expert opinions of the psychological reviewers. Moreover, the reviewing psychologists' opinions were consistent with the treatment notes from plaintiff's addiction therapist, who repeatedly underscored plaintiff's need to seek treatment for his anxiety disorder. *See* [17-1] 628 (urging plaintiff "to seek counseling to address his fears and anxieties"); 655 (advising plaintiff that a "mental health counselor . . . would be more appropriate to address his anxieties" than substance-abuse counselor); 678 (emphasizing that plaintiff needs to "follow through with seeking a referral for counseling for his anxiety"). This was thus a case where plaintiff's treaters and the agency reviewers agreed that plaintiff was not obtaining needed treatment for his anxiety, a fact that contradicts the ALJ's conclusion that the absence of treatment and a regimen of prescription medications indicated that plaintiff's anxiety issues were not as severe as the agency reviewers believed.

Second, the ALJ observed that "the evidence also indicates that external stressors, including the denial of benefits and COVID, were a large part of his anxiety." [17-1] 42. But the ALJ never explained the significance of this fact as it related to plaintiff's CPP limitation, nor did he cite evidence to support a conclusion

3

that plaintiff would not face external stressors while working in a job that required him to perform simple, routine tasks.

Third, the ALJ relied on plaintiff's ability to perform certain activities of daily living (ADLs) in finding that he could perform simple, routine tasks. *See* [17-1] 42. But here too the ALJ "succumb[ed] to the temptation to play doctor and make [his] own independent medical findings." *Robert N.*, 2022 WL 14634815, at *5. The reviewing psychologists considered these same ADLs but concluded that plaintiff was capable of work that involved no more than 1-2 step tasks. *See* [17-1] 134, 148. To the extent that the ALJ purported to rely on plaintiff's ability to ride a bicycle, which the ALJ characterized as involving "the combined application of balance, pedaling, [and] steering," this was primarily evidence of plaintiff's physical abilities, and the ALJ did not provide a logical bridge from the evidence that plaintiff could ride a bike short distances to familiar locations to his conclusion that plaintiff could perform more than 1-2 step tasks on a repetitive basis in the workplace. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) ("But even under this deferential standard of review, an ALJ must provide a logical bridge between the evidence and [his] conclusions.") (internal quotation marks omitted).

Fourth, the Court agrees with plaintiff that the ALJ failed to consider the extent to which the agency reviewers' opinions were consistent with other evidence in the record. *See* [71] 11-12. For one thing, the consultative examiner, Dr. Langgut, opined that plaintiff presented in an "odd manner" that was "marked by clear anxiety that negatively affected his ability to relate, converse appropriately," that plaintiff was "unable to focus" and "preoccupied" during the examination, and displayed "difficulty with sustained attention and was easily distracted." [17-2] 796-97. For another, plaintiff's providers regularly observed that plaintiff presented with rambling speech, was easily distractible, and had tangential thoughts. *See* [17-1] 681 (plaintiff suffered from "extreme anxiety" and gave long, rambling, and non-sensical responses to basic questions); [17-2] 903 (observing plaintiff's "very tangential" conversation about his immune system and fear of Covid during appointment with podiatrist to discuss steroid injections); [*id.*] 912 (plaintiff yelled at and was argumentative with social worker while discussing his Covid-related anxiety); [*id.*] 916 (plaintiff had "difficulty staying on topic without switching to past events" while discussing his anxiety and denial of Social Security benefits). Because the ALJ failed to consider whether this evidence was consistent with the reviewing psychologists' opinions, the Court concludes that substantial evidence does not support the ALJ's decision to reject their opinions on the 1-2 step task restriction.

Finally, the Court notes that, while the Acting Commissioner's brief contends that the ALJ's decision was supported by substantial evidence, the Acting Commissioner does not address any of the specific arguments that plaintiff made. Rather, the Acting Commissioner simply recites the ALJ's reasons for finding the 1-2 step task limitation unsupported. *See* [78] 3-4. In these circumstances, the Court

4

finds that the Acting Commissioner's failure to engage with or respond to plaintiff's arguments amounts to forfeiture. *See Rita Mary K. v. Kijakazi*, Case No. 21 CV 4598, 2022 WL 17583780, at *5 (N.D. Ill. Dec. 12, 2022).

### B. Harmless Error

The Acting Commissioner argues that any error in rejecting the 1-2 step task limitation was harmless. In support, the Acting Commissioner notes that, at step five, the ALJ found that plaintiff could work in two positions–assembler and table worker– that are Reasoning Level 1 positions. *See* [78] 5. Because claimants with 1-2 step task restrictions can perform Reasoning Level 1 work, *see Dustin S. v. O'Malley*, No. 21 CV 5693, 2024 WL 4836233, at *2 (N.D. Ill. Nov. 20, 2024) (discussing this issue), and because the ALJ found that a total of 36,000 assembler and table worker jobs existed in the national economy, the Acting Commissioner argues that the ALJ would have found plaintiff not disabled even if the ALJ had adopted the 1-2 step task limitation. [78] 5. The Court disagrees.

In Social Security cases, an error is harmless if the Court is "convinced that the ALJ will reach the same result" on remand. *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022). To decide whether an error is harmless, the Court "examine[s] the record to determine whether [it] can predict with great confidence what the result of remand will be." *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021).

The Court cannot predict with great confidence that the ALJ would find that plaintiff was not disabled had the ALJ adopted the 1-2 step task limitation. While the Court agrees that, in general, claimants with 1-2 step task restrictions can perform Reasoning Level 1 work, that issue is not dispositive here. As plaintiff argues, *see* [79] 2, both the assembler and table worker positions are also defined as SVP (specific vocational preparation) Level 2 positions. A job's SVP is a measure of the time and training required to learn a job and refers specifically to "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Christopher D. v. Colvin*, Case No. 20-cv-50435, 2025 WL 50435, at *3 (N.D. Ill. Jan. 15, 2025) (internal quotation marks omitted). A job with an SVP Level 2 requires a training period of "anything beyond short demonstration up to and including 1 month." *Boback v. O'Malley*, No. 23 C 2326, 2024 WL 621836, at *2 (N.D. Ill. Feb. 14, 2024). Cases from this District have recognized that, if a claimant's mental limitations prevent them from completing a job's training period, the claimant is not capable of performing the job itself. *See, e.g.*, *Janie S.Y v. Colvin*, Case No. 21-cv-50689, 2025 WL 50689, at *3 (N.D. Ill. Jan. 8, 2025) ("The Court agrees that the ability to maintain a job first requires the ability to complete the training period for that job."); *Vinnie C. v. O'Malley*, No. 21 CV 3174, 2024 WL 4240444, at *3 (N.D. Ill. Sept. 19, 2024) (remanding where RFC limited claimant to brief, superficial interactions with coworkers, but VE testified that claimant could not complete

5

training period because it required her to have more frequent interactions with coworkers); *Adam C. v. Saul*, No. 19-cv-23, 2019 WL 6130815, at *3 (N.D. Ill. Nov. 19, 2019) ("The ALJ found that Plaintiff could perform these jobs even though the training for those positions required him to perform beyond the limitations set by the ALJ in the Plaintiff's RFC. This is a logically inconsistent position and requires remand.").

In this case, there is no evidence suggesting that a claimant limited to 1-2 step tasks could perform SVP Level 2 work. The vocational expert (VE) testified only that a claimant who could perform simple, routine tasks would be able to work in some SVP Level 2 jobs. *See* [17-1] 84-88. But the VE did not testify–because the ALJ did not ask her–whether a claimant with a 1-2 step task limitations could also perform such jobs. *See* [*id.*]. Indeed, the ALJ did not ask the VE any questions about the kind of work that a claimant with a 1-2 step task restriction could perform. Because of this gap in the record–particularly on an issue where the Acting Commissioner had the burden of proof, *see Janie S.Y.*, 2025 WL 50689, at *2 ("At step five of the sequential analysis, the Commissioner has the burden of proving that Plaintiff can successfully perform a significant number of jobs that exist in the national economy.") (internal quotation marks omitted)–the Court cannot predict with great confidence that the ALJ would have found plaintiff not disabled if the ALJ had incorporated the 1-2 step task limitation into the RFC.[5] Thus, this case must be remanded for further proceedings. *Accord Christopher D.*, 2025 WL 101574, at *3 (remanding in case where ALJ limited claimant to performing simple, routine tasks and found claimant could perform SVP Level 2 jobs because ALJ failed to adequately explain rejection of 1-2 step task restriction and court could not "predict or assume that work restricted to one to two-step tasks would fall exclusively under SVP level 1 occupations, or whether this type of restriction could be found in SVP level 2 occupations"); *Glass v. Colvin*, 3:15-CV-535-BR, 2016 WL 3410179, at *4-5 (D. Or. June 15, 2016) (ALJ's erroneous rejection of 1-2 step task restriction was harmful error where ALJ concluded that claimant could perform SVP Level 2 work but court could not find that "jobs that require SVP Level 2 are consistent with the opinions of [doctors] that Plaintiff is limited to . . . simple, 1-2 step tasks") (internal quotation marks omitted).

---

[5] The Court also notes that the ALJ had a heightened duty to develop the record in this case because plaintiff was not represented by counsel at the administrative hearing. *See Bertaud v. O'Malley*, 88 F.4th 1242, 1245 (7th Cir. 2023); *see also* [17-1] 38.

6

## Conclusion

For the reasons set forth above, plaintiff's motion in support of summary remand [71] is granted and defendant's motion for summary judgment [77] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.[6]

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: February 6, 2025**

---

[6] The Court thanks recruited counsel Deborah Spector for her advocacy on plaintiff's behalf.